UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


Brian McKinney,

        Plaintiff,

-V-                                Case No. 2:05-cv-0529
                                     Judge Michael H. Watson

Angel Hartley, et al.,

        Defendants.


## OPINION AND ORDER

Plaintiff asserts claims under 42 U.S.C. § 1983 and state common law, arguing *inter alia* that defendants violated his constitutional rights by causing his probation to be revoked after the term of probation had expired.  This matter is before the Court on defendants' motion for judgment on the pleadings (Doc. 10) on the grounds of immunity and the doctrine of limited municipal liability.  For the reasons that follow the Court grants defendants' motion for judgment on the pleadings.

### I. Facts

For purposes of ruling on defendants' motion, the Court accepts as true the well-pleaded facts set forth in the complaint.  The Court also takes judicial notice of a relevant decision by the Ohio Fifth District Court of Appeals.

Plaintiff is an individual citizen of the State of Ohio.  Defendant Angel Hartley is a Probation Officer for Fairfield County Probation Department, a department or agency of

Fairfield County. Defendant David Phalen is the Sheriff of Fairfield County. Defendant David Landerfeld is the Fairfield County Prosecutor. Plaintiff also names the Fairfield County Commissioners as defendants.

On March 18, 1998, plaintiff pleaded no contest to and was convicted of complicity to commit involuntary manslaughter in Fairfield County, Ohio. On June 22, 1998, the trial court granted plaintiff judicial release and placed him on probation for a period of five years. Thus, plaintiff's term of probation expired on its own terms on June 22, 2003.

On May 28, 2003, Probation Officer Hartley initiated probation violation proceedings against plaintiff by filing a motion to revoke, alleging that plaintiff had possessed or used illegal drugs. Prosecutor Landerfeld participated in the prosecution of the alleged probation violation. Plaintiff appeared before the trial court on May 30, 2003, and was served with the capias. The magistrate conducted a hearing and found probable cause existed to support a finding that plaintiff had violated the terms of his probation.

The trial court memorialized the finding of probable cause on June 11, 2003 and scheduled the matter for a revocation hearing to commence on June 26, 2003. Prosecutor Landerfeld filed an amended motion to revoke plaintiff's probation on June 23, 2003. On July 7, 2003, the trial court issued a notice continuing the revocation hearing until August 4, 2003. After plaintiff's former counsel withdrew, the trial court granted the motion of plaintiff's new counsel to for a continuance, and set a new date of September 4, 2003 for the revocation hearing. On September 4, 2003, plaintiff made an oral motion to dismiss, arguing that the trial court no longer had jurisdiction over the

matter. The trial court ordered the parties to submit briefs on the issue. On September 25, 2003, the trial court denied plaintiff's motion to dismiss.

At the revocation hearing, plaintiff stipulated that he had violated the terms of his probation. The trial court revoked plaintiff's probation on October 10, 2003. Following the revocation, plaintiff was imprisoned by defendant Phalen.

Plaintiff appealed the trial court's decision, arguing that the trial court lost jurisdiction over the revocation proceeding when plaintiff's term of probation expired. The court of appeals reversed the trial court's judgment, holding the initiation of revocation proceedings during the term of probation did not extend the trial court's jurisdiction once the term of probation expired. *State v. McKinney,* No. 03CA083, 2004 WL 1728600, at * 3 (Ohio Fifth Dist. Ct. App. July 26, 2004).

Plaintiff filed the instant action on May 6, 2005, in the Fairfield County Common Pleas Court. Defendants removed the case to this Court on May 31, 2005.

## II. Standard of Review

The standard applied to a motion for judgment on the pleadings is the same standard employed for reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. A motion to dismiss for failure to state a claim "should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). All well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant. *Schuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A 12(b)(6) motion to dismiss is directed solely to the complaint and any exhibits

attached to it. *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983). The merits of the claims set forth in the complaint are not at issue on a motion to dismiss for failure to state a claim. Consequently, a complaint will be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) only if there is no law to support the claims made, or if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief. *See Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 857, 858 (6th Cir. 1976). Rule 12(b)(6) must be read in conjunction with Fed. R. Civ. P. 8(a) which provides that a pleading for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." 5A Wright & Miller, *Federal Practice and Procedure* § 1356 (1990). The moving party is entitled to relief only when the complaint fails to meet this liberal standard. *Id.*

On the other hand, more than bare assertions of legal conclusions is required to satisfy the notice pleading standard. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Id.* (emphasis in original, quotes omitted).

> "[W]e are not holding the pleader to an impossibly high standard; we recognize the policies behind rule 8 and the concept of notice pleading. A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist."

*Id.* (*quoting O'Brien v. DiGrazia*, 544 F.2d 543, 546 n.3 (1st Cir. 1976), cert. denied, 431 U.S. 914 (1977)).

### III. Discussion

Defendants raise several grounds in their motion for judgment on the pleadings. The Court, however, finds that the doctrine of qualified immunity and principles of municipal liability are dispositive and therefore will restrict its discussion to those two issues.

### A. Qualified Immunity

Defendants argue that the individual defendants are entitled to qualified immunity. Plaintiff does not cogently respond to defendants' qualified immunity argument.

Under the doctrine of qualified immunity, government officials performing discretionary functions are immune from suit unless the plaintiff shows the official violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *Conn v. Gabbert*, 525 U.S. 286, 290 (1999) (*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "The central purpose of affording public officials qualified immunity from suit is to protect them 'from undue interference with their duties and from potentially disabling threats of liability.'" *Elder v. Holloway*, 510 U.S. 510, 514 (1994) (*quoting* Harlow, 457 U.S. at 806)).

In determining whether a public official is shielded from liability under the doctrine of qualified immunity, the Sixth Circuit Court of Appeals typically employs a two-step analysis: "(1) whether, considering the allegations in a light most favorable to the party injured, a constitutional right has been violated, and (2) whether that right was clearly established." *Estate of Carter v. City of Detroit*, 408 F.3d 305, 310-11 (6th Cir. 2005) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). The Sixth Circuit occasionally

considers a third step in the qualified immunity, inquiring as to "whether the plaintiff has offered sufficient evidence to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights." *Estate of Carter*, 408 F.3d at 310 n. 2.

To be clearly established at the time of the conduct in question, the constitutional right must have been recognized by the U.S. Supreme Court, the United States Court of Appeals for the Sixth Circuit, this Court or other courts within the Sixth Circuit, or, in some cases, courts of other circuits. *Sheets v. Moore*, 97 F.3d 164, 166 (6th Cir. 1996). "The contours of the right must be sufficiently clear that a reasonable person would understand that what he is doing violates that right." *Sheets*, 97 F.3d at 166. "This is not to say that an official action is protected by qualified immunity unless the very action has previously been held unlawful, but it is to say that in light of pre-existing law the unlawfulness must be apparent." *Id.* (*quoting Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). "Once the qualified immunity defense is raised, the burden is on the plaintiff to demonstrate that the officials are not entitled to qualified immunity." *Silberstein v. City of Dayton*, 440 F.3d 306, 311 (6th Cir.2006).

The only assertion plaintiff makes with respect to a clearly established constitutional right is that defendants violated his Fourth Amendment rights. The Fourth Amendment to the U.S. Constitution provides:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place or things to be seized.

U.S. Const. amen. IV. Plaintiff does not further elaborate on his theory that defendants

violated his rights under the Fourth Amendment. He does not cite any clearly

established law from the U.S. Supreme Court, the Sixth Circuit, this Court, or from

another federal circuit that would suggest to a reasonable probation officer or

prosecutor that continued prosecution of a probation revocation proceeding after the

expiration of the term of probation clearly violates the Fourth Amendment – or any other

constitutional right for that matter – when the proceeding was initiated before the term

of probation expired. Likewise, plaintiff has failed to reference authority from which a

reasonable sheriff would understand that he violates a person's clearly established

constitutional rights when he incarcerates that person pursuant to a facially valid court

order.

Furthermore, even viewing the pleaded facts in the light most favorable to

plaintiff, the Court concludes that plaintiff cannot demonstrate that the actions of any of

the defendants were "objectively unreasonable." Defendants were all proceeding with

the understanding that Ohio law allowed the continued prosecution of the revocation

proceeding because it had been initiated before the term of probation had expired.[1]

Significantly, this was not a settled matter of Ohio law in 2003. Indeed, the later

decision of a single Ohio Appellate Court does not definitively resolve the issue. In any

event, the mere fact that the trial court and defendants were mistaken as to a matter of

Ohio law does not rise to the level of a constitutional violation.

For the above reasons, the Court concludes that plaintiff has failed to meet his

---

[1] Federal law, for example, allows continued prosecution of a revocation proceeding beyond the expiration of the term of probation provided a warrant or summons issued for the violation before the term expired. 18 U.S.C. § 3565(c).

burden with respect to qualified immunity. Defendants are therefore shielded from

plaintiff's claims for damages under the qualified immunity doctrine. For this reason,

the individual defendants are entitled to judgment on the pleadings in their favor as a

matter of law.

## B. *Respondeat Superior*

The Fairfield County Board of Commissioners moves for judgment on the

pleadings on the ground that it cannot be held liable for the actions of its employees or

agencies absent a showing that the actions were taken pursuant to a county policy or

custom. Plaintiff does not respond to the Commissioners' argument.

> To establish municipal liability pursuant to § 1983, a plaintiff must allege
> an unconstitutional action that "implements or executes a policy
> statement, ordinance, regulation, or decision officially adopted and
> promulgated by that body's officers" or a "constitutional deprivation [ ]
> visited pursuant to governmental 'custom' even though such a custom has
> not received formal approval through the body's official decisionmaking
> channels." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91, 98 S.Ct.
> 2018, 56 L.Ed.2d 611 (1978). Only then can "the action of the municipality
> itself ... be said to have caused the harm." *Berry v. City of Detroit*, 25 F.3d
> 1342, 1345 (6th Cir.1994), *cert. denied*, 513 U.S. 1111, 115 S.Ct. 902,
> 130 L.Ed.2d 786 (1995); *City of Canton v. Harris*, 489 U.S. 378, 385, 109
> S.Ct. 1197, 103 L.Ed.2d 412 (1989) ("[A] municipality can be found liable
> under § 1983 only where the municipality *itself* causes the constitutional
> violation at issue. *Respondeat superior* or vicarious liability will not attach
> under § 1983.").

*Shamaeizadeh v. Cunigan*, 338 F.3d 535, 556 (6th Cir. 2003)(emphasis in original).

Here, plaintiff does not argue or allege any action on the part of the

Commissioners in this matter. Moreover, plaintiff has not pleaded or argued that the

individual defendants' conduct was the result of a county custom or policy. In light of

this, the Commissioners cannot be held liable for the actions of the individual

defendants. The Commissioners are therefore entitled to judgment on the pleadings in

their favor.

### C. State Law Clams

Having determined that plaintiff's federal claim is subject to dismissal, the Court declines to exercise supplemental jurisdiction over plaintiff's state common law claims. 28 U.S.C. § 1367(c)(3)); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). The Court will therefore remand plaintiff's state common law claims to the Fairfield County Common Pleas Court.

### IV. Disposition

Based on the above, the Court **GRANTS** defendants' motion for judgment on the pleadings (Doc. 10).

The Clerk shall enter final judgment in favor of defendants, and against plaintiff, dismissing plaintiff's federal claims with prejudice and remanding plaintiff's state law claims to the Fairfield County Common Pleas Court.

The Clerk shall remove this case from the Court's pending cases and motions lists.

The Clerk shall remove Doc. 10 from the Court's pending motions list.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**